UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Dove Le Moore Bey-Razin Rose El, *et al.*, | CASE NO. 5:17 CV 2564 |
| Petitioners, | JUDGE JOHN R. ADAMS |
| v. | |
| | MEMORANDUM OF OPINION |
| Summit County Court of Common Pleas, *et al.*, | AND ORDER |
| Respondents. | |

*Pro se* Petitioners Dove Le Moore Bey-Razin Rose El and DemaiRa Meru Yahawahi El, initiated this action by filing a "Complaint in Mandamus" in the Ohio Supreme Court. The Complaint names twelve Respondents, including the Summit County Court of Common Pleas, the United States Bankruptcy Court, State and United States Bankruptcy Court Judges, their spouses, other state and federal court employees, officials and their spouses, and private corporations. (Doc. No. 1-3.) The federal Respondents removed the action to federal court, and it was subsequently transferred to this district. The federal Respondents have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 18).

The Complaint, in which Petitioners assert they are "Aboriginal, Indigenous Moorish American Nationals" and not "statutory" persons (*see* Doc. No. 2 at 7 and10, Page ID ## 105 and

108), does not contain allegations or legal claims against the Respondents that are intelligible to the Court. Petitioners seek compensatory and punitive damages from each Respondent, but the Complaint contains entirely incomprehensible legal assertions and rhetoric.

Although *pro se* pleadings generally are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* plaintiffs are still required to meet basic pleading requirements and a court is not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal courts are courts of limited jurisdiction, and "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds this action must be dismissed in accordance with *Apple v. Glenn*. The Petitioners' allegations are so incoherent, implausible, unsubstantial, or frivolous that they do not provide a basis to establish this Court's subject-matter jurisdiction over any claim against any Respondent. Furthermore, many of the Respondents would be immune from civil liability in any case. *See, e.g., Baker v. Cuyahoga Cty. Court of Common Pleas*, 61 Ohio App.3d 59, 64, 572 N.E.2d 155, 158-59 (Ohio App. 8th Dist. 1989) ("A judge is immune from civil liability for actions taken within his judicial capacity . . . This immunity extends to the clerks of a court . . . for actions taken in performance of the court's functions.").

## Conclusion

Accordingly, this action is dismissed for lack of subject-matter jurisdiction pursuant to the

Court's authority established in *Apple v. Glenn*. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. In light of the dismissal for lack of subject-mater jurisdiction, it is not necessary for the Court to address the federal Respondents' motion to dismiss.

      IT IS SO ORDERED.


Date: January 31, 2018        */s/ John R. Adams*
    JOHN R. ADAMS
    UNITED STATES DISTRICT JUDGE